### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### JONESBORO DIVISION

HAROLD E. BENNETT                                                              PLAINTIFF

V.                                       3:06CV173GH

LORRAINE JACKSON                                                               DEFENDANT

### ORDER

Plaintiff, a prisoner at the East Arkansas Regional Unit, filed a *pro se*[1] Complaint (docket entry #1) pursuant to 42 U.S.C. § 1983, unaccompanied by an Application to Proceed *In Forma Pauperis*. If Plaintiff intends to pursue this matter, he must pay the statutory filing fee of $350 or submit a properly completed Application to Proceed *In Forma Pauperis*.

---

[1] Plaintiff is notified of his responsibility to comply with the Local Rules of the Court, including Rule 5.5(c)(2), which states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

Plaintiff is also notified that a dismissal for failure to prosecute, grounds for which include failing to respond to an Order of this Court within thirty days, and dismissal for failure to exhaust administrative remedies, shall be treated as a "strike" within the meaning of 28 U.S.C. § 1915(g). Under § 1915(g), a prisoner may not proceed with a civil suit *in forma pauperis* if the prisoner has, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In contrast, a dismissal pursuant to a motion for voluntary dismissal will not be treated as a strike. Therefore, if at some stage in this litigation, Plaintiff elects not to continue prosecuting this action, he should file a motion for voluntary dismissal pursuant to Fed. R. Civ. P. 41.

Under the Prison Litigation Reform Act of 1995 ("PLRA"), a prisoner who is permitted to file a civil action *in forma pauperis* still must pay the full statutory filing fee of $350. 28 U.S.C. §1915(b)(1). The only question is whether a prisoner will pay the entire filing fee at the initiation of the proceeding or in installments over a period of time. *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998). Even if a prisoner is without assets and unable to pay an initial filing fee, he will be allowed to proceed with his section 1983 claims and the filing fee will be collected by the Court in installments from the prisoner's inmate trust account. 28 U.S.C. § 1915(b)(4). **If the prisoner's case is subsequently dismissed for any reason, including a determination that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the full amount of the $350 filing fee will be collected and no portion of this filing fee will be refunded to the prisoner.**

The PLRA requires that Plaintiff submit a proper and complete Application to Proceed *In Forma Pauperis*, along with a calculation sheet, prepared and signed by an authorized officer of the Detention Center. Plaintiff is therefore directed to submit, within thirty (30) days from entry of this Order, either: (1) the statutory filing fee of $350; or (2) a proper and complete Application to Proceed *In Forma Pauperis*, with the required calculation sheet signed by an authorized official of the detention center at which he is confined.

IT IS THEREFORE ORDERED that:

1. The Clerk is directed to mail Plaintiff an *in forma pauperis* application and calculation sheet.

2. Plaintiff must submit, within thirty days of entry of this Order, either: (1) the $350 statutory filing fee; or (2) a proper and complete *in forma pauperis* application, with the required

calculation sheet completed and signed by an authorized prison official. Failure to do so will result in dismissal of this action without prejudice.

    3. Service is not appropriate on Defendants at this time.

DATED this 26th ay of September, 2006.

*George Howard, Jr.*
_____
UNITED STATES DISTRICT JUDGE